**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHANNA HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-00265 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| PKD, INCORPORATED d/b/a | ) | |
| TOTAL SYSTEMS CONTRACTING, | ) | |
| a Texas Corporation, NIDEC MOTOR | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| and MOTION CONTROL ENGINEERING, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant Nidec Motor Corporation's motion to dismiss [11] is granted in part and denied in part. The motion is granted without opposition as to Defendant Motion Control Engineering, and it is dismissed from this case. However, the motion is denied as to Defendant Nidec Motor Corporation. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Johanna Howard sustained injuries when she was struck in the head by an elevator door. In her Complaint, she alleges that the incident and her injuries were the result of Defendants' negligent installation and maintenance of the elevator. (Complaint, Dkt. No. 1-1.) Defendant Nidec Motor Corporation ("Nidec") has filed a motion to dismiss Howard's claims against it and Defendant Motion Control Engineering ("MCE"). For the reasons that follow, the motion is denied as to Nidec but granted as to MCE.

**I.     Background**

For purposes of Nidec's motion to dismiss, the Court accepts as true all well-pleaded factual allegations in Howard's Complaint and draws all reasonable inferences from those facts in her favor as the non-moving party. See *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Complaint alleges as follows.

On November 25, 2022, during the course of her employment as a postal worker, Howard was within the building at 540 N. Dearborn Street, Chicago, IL 60610. (Complaint at 2, ¶¶ 6–7.[1]) When she attempted to enter one of the building's elevators, its door malfunctioned and closed on

---

[1] Because the Complaint's paragraph numbering resets in every section, the Court includes both the page number and the paragraph number when citing the Complaint in this order.

her at a high speed, striking her in the head. (*Id.* at 2–3, ¶¶ 7, 8, 13.) As a result, she suffered a concussion, headaches, pain, and other physical and pecuniary injuries. (*Id.* at 3–4, ¶¶ 13–14.)

Howard then filed this lawsuit on November 22, 2024 in the Circuit Court of Cook County. (Notice of Removal ¶ 1, Dkt. No. 1.) The case was thereafter removed here. In her Complaint, Howard asserts negligence claims against Defendants PKD Incorporated d/b/a Total Systems Contracting, Nidec, and MCE. She alleges that each Defendant "was involved in the maintenance and/or installation of elevators located at 540 N. Dearborn" (*e.g.*, Complaint at 2, ¶ 2), and that their failure to use reasonable care in carrying out those duties caused the door's malfunction and her injuries. As compensation for her injuries, Howard seeks damages "in excess of $50,000" against each Defendant. (*E.g.*, *id.* at 3–4, ¶ 14.)

Nidec has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Dkt. No. 11.) With its motion, Nidec argues that the negligence claims against both Nidec and MCE (Counts II and III, respectively) should be dismissed because the Complaint's factual allegations are "wholly conclusory" and therefore insufficient to state a claim. Nidec also argues that MCE should be dismissed from this action because it has been dissolved as a legal entity and therefore cannot be sued. In response, Howard concedes that MCE cannot be sued and "requests leave to amend the Complaint to remove reference to" MCE. (Pl.'s Resp. at 2, Dkt. No. 21.) Meanwhile, she maintains that her allegations against Nidec are specific enough to state a claim.

## II.    Discussion

As an initial matter, given the parties' agreement that MCE is not a proper party to this suit, MCE is dismissed.

The Court next turns its attention to Howard's claim against Nidec. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Here, to prevail on a negligence claim in Illinois, a plaintiff must eventually prove "the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and injury proximately resulting from the breach." *Greenhill v. REIT Mgmt. & Rsch., LLC*, 156 N.E.3d 1, 11 (Ill. App. Ct. 2019).[2]

---

[2] At times, Nidec frames Howard's Complaint as raising a "product liability claim[]." (Def.'s Reply at 3, Dkt. No. 22.) However, the Complaint invokes a theory of ordinary negligence without mention of any product liability theories. Indeed, Illinois courts have entertained ordinary negligence claims arising out of allegations such as those here. *See, e.g.*, *Greenhill*, 156 N.E3d at 14 (recognizing that a plaintiff who was struck by an elevator door raised a "negligence" claim in an action against the elevator maintenance company).

Contrary to Nidec's contentions, Howard alleges facts sufficient to support each element of a negligence claim. First, she alleges that Nidec was responsible for the "installation and/or maintenance of several freight and personnel elevators" at 540 N. Dearborn. (Complaint at 4, ¶ 3.) As Illinois courts have recognized, a "company which performs elevator maintenance and inspections" owes a duty of care to "passenger[s] on an elevator maintained by [the company]." *Greenhill*, 156 N.E.3d at 13–14. Thus, Howard's allegation that Nidec installed or maintained the elevators at 540 N. Dearborn is sufficient to plead that Nidec owed her a duty of care. Second, Howard alleges a number of ways in which Nidec breached its duty of care. To be fair, some of those allegations are so "threadbare" that they are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 663. For example, the allegation that Nidec "[c]areless[ly] and negligently failed to use reasonable care" is a legal conclusion that the Court need not, and does not, accept as true. (Complaint at 6, ¶ 11(J).) Other allegations as to breach, however, are well-pleaded. Specifically, Howard's allegations that Nidec's workers were not "competent" and that Nidec failed to meet "local and international codes" are sufficient to suggest a breach of duty at this stage. (*Id.* at 6, ¶¶ 11(A), (B).) Third, the Complaint, taken as a whole, supports a reasonable inference that Nidec's negligence caused Howard's injuries. Causation can be difficult to allege with specificity because it "often involves thorny, fact-laden issues that are not well suited to be decided at the pleadings stage." *Appvion, Inc. v. Richards*, No. 18-C-1861, 2025 WL 346736, at *4 (E.D. Wis. Jan. 30, 2025). Indeed, even at the summary judgment stage, Illinois courts determine proximate cause "as a matter of law" only "where the facts show that the plaintiff would never be entitled to recover." *Greenhill*, 156 N.E.3d at 18. Otherwise, "proximate cause is generally an issue of material fact to be determined by the jury." *Id.* Here, there is a self-evident relationship between the elevator malfunction, Nidec's duties, and Howard's injuries: Nidec's allegedly negligent installation or upkeep caused the malfunction, which in turn caused Howard's injuries. Causation can therefore be reasonably inferred from the Complaint's allegations. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Finally, Howard adequately alleges her injuries and the related damages. (Complaint at 6, ¶ 14.)

As Nidec observes, the Complaint does not contain highly detailed allegations as to breach or causation. As discussed above, however, Howard alleges some specific ways in which Nidec breached its duty to elevator users, and it can be reasonably inferred from the Complaint that Nidec's alleged breach caused Howard's injuries. In any event, whether Howard has perfectly alleged each element of her claim is beside the point. As the Seventh Circuit has cautioned, district courts should not always "demand that the complaint allege each element that the plaintiff eventually will need to prove." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024). The question at the pleadings stage is whether Howard has given Defendants "fair notice" of her claims by providing "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). She has done so. The Complaint sets forth a straightforward claim: Nidec caused her injuries by negligently installing or maintaining the elevator that struck her. A simple claim does not call for complex allegations. *See Thomas*, 120 F.4th at 1338 ("All the complaint need do is state a grievance. Details and proofs come later."). Accordingly, Howard has stated a plausible negligence claim against Nidec.

3

### III.  Conclusion

For the foregoing reasons, Nidec's motion to dismiss (Dkt. No. 11) is granted as to MCE and denied as to Nidec. MCE is dismissed from this case.

Dated:  March 10, 2026

_____
Andrea R. Wood
United States District Judge